**COMPUTER ASSOCIATES INTERNATIONAL, INC.**

v.

**CITY OF EAST PROVIDENCE et al.**

**No. 91–607–Appeal.**

Supreme Court of Rhode Island.

Oct. 28, 1992.

Benjamin V. White, III and Brooks R. Magratten, Vetter & White, Providence, for plaintiff.

James M Russo, Asst. City Sol., City of East Providence, for defendants.

## OPINION

FAY, Chief Justice.

This is an appeal by the plaintiff, Computer Associates International, Inc. (Computer Associates), from a summary judgment entered in the Superior Court in favor of the defendant, city of East Providence (the city). The city levied a personal property tax on certain software of Computer Associates. The trial justice granted the city's motion for summary judgment and held that the computer software was taxable as tangible personal property. For the reasons stated herein, we reverse the trial justice's decision.

Computer Associates is incorporated under the laws of the State of Delaware with principal offices in the State of New York. Computer Associates is in the business of licensing mainframe-computer software and in 1988 licensed certain software programs to Allied Aftermarkets, Inc. (Allied), of East Providence. The software programs consist of binary impulses designed to direct a computer to perform certain operations. The software programs delivered to Allied are encoded on magnetic tapes. The magnetic tapes cost approximately $10 each. Allied paid Computer Associates a licensing fee in excess of $200,000. Once the programs are loaded into Allied's computers, the magnetic tapes are either returned to the licensor or stored by Allied for backup purposes. The program is then modified to suit the particular needs of Allied. On May 16, 1989, Computer Associates was notified that the city had levied a personal-property-tax assessment on its software in the amount of $17,629 for tax year 1988. Computer Associates then filed a complaint in Superior Court, seeking a declaration that the city's tax assessment was void for tax year 1988 and years subsequent.

The sole issue in this case is whether the computer software that was licensed to Allied by Computer Associates is tangible personal property under G.L.1956 (1988 Reenactment) § 44–3–1 and thus subject to taxation. Section 44–3–2.1 prohibits a city or a town from assessing a tax on intangible personal property.

In *Hasbro Industries, Inc. v. Norberg*, 487 A.2d 124 (R.I.1985), this court held that a "canned" ready-to-execute software program was tangible personal property and subject to the state sales and use tax.

> "The software program *in this case* is no different from other taxable personal property such as films, videotapes, books, cassettes, and records whose value lies in their respective abilities to store and later display or transmit their contents." (Emphasis added.) *Id.* at 128.

The *Hasbro* decision dealt specifically with a canned ready-to-execute computer-software program. In *Hasbro* we held that the service content of a ready-to-execute canned program is virtually nonexistent. We determine that the modified-computer-software program that Computer Associates licensed to Allied was not a canned ready-to-execute software program.

Consequently we find that the software programs developed by Computer Associates were "custom" software. The custom software developed by Computer Associates involved an intangible-service element that the ready-to-execute *Hasbro* software did not.

We therefore hold that the software programs licensed to Allied by Computer Associates constituted intangible personal property and were not subject to personal property taxation.

The plaintiff's appeal is sustained. The judgment granting the motion of the defendant is hereby reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.